PER CURIAM.
Appellant; Ricardo Galarraga, appeals from his conviction and sentence for home invasion robbery, aggravated battery and aggravated assault, all committed with a firearm. As a result of these convictions, appellant’s probation was violated and he was sentenced thereon. We affirm his conviction without discussion but remand for resentencing.
Appellant was sentenced on the three convictions as a habitual violent felony offender. He was sentenced to life with a fifteen-year minimum mandatory sentence for the home invasion. Appellant asserts that the trial court erred in so sentencing him because the trial court was under the mistaken belief that a life sentence was mandatory.
In Burdick v. State, 594 So.2d 267 (Fla. 1992), the supreme court held that sentencing under section 775.084(4), Florida Statutes (1991), is permissive. From the trial judge’s statements made during the sentencing hearing, it is not clear whether he knew that he could habitualize appellant but still had discretion to impose any sentence up to life imprisonment. Therefore, we remand to the trial court for resentenc-ing. See Adams v. State, 617 So.2d 474 (Fla. 4th DCA 1993).
With respect to the sentence for the violation of probation, the trial court was unaware that appellant was given a three year suspended sentence on the underlying charge. The state concedes and we agree that the trial court erred in imposing a seven-year sentence for the violation of probation.
We affirm appellant’s conviction and remand for resentencing.
WARNER, C.J., DELL and HAZOURI, JJ., concur.